UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELISONDO MADRIZ CHIPREZ,<br><br>        Petitioner,<br><br>   v.<br><br>M. D. BITEN, Warden,<br><br>        Respondent. | 1:11-cv—00290-LJO-SKO-HC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE PETITION WITHOUT LEAVE TO AMEND FOR FAILURE TO EXHAUST STATE COURT REMEDIES AND FAILURE TO STATE A CLAIM COGNIZABLE IN A PROCEEDING PURSUANT TO 28 U.S.C. § 2254 (Doc. 1)<br><br>FINDINGS AND RECOMMENDATIONS TO DECLINE TO ISSUE A CERTIFICATE OF APPEALABILITY AND TO DIRECT THE CLERK TO CLOSE THE ACTION |

**OBJECTIONS DEADLINE:
THIRTY (30) DAYS**

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304. Pending before the Court is the petition, which was filed on February 18, 2011.

I. Screening the Petition

Rule 4 of the Rules Governing § 2254 Cases in the United

1

States District Courts (Habeas Rules) requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)). Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

Here, Petitioner, an inmate of Kern Valley State Prison (KVSP) in Delano, California, is serving a sentence of "175 TO LIFE" imposed in the Merced County Superior Court in case number 30437 on November 30, 2007, and August 7, 2009, for four counts

2

of assault on a police officer with a semi-automatic firearm, one count of evading arrest, and one count of being a felon in possession of a firearm.  (Pet. 1.)  On Petitioner's appeal from the judgment of conviction, the only issue Petitioner raised was a violation of his Sixth Amendment right based on the sentencing court's denial of his motion to represent himself at a re-sentencing.  (Pet. 2.)  Petitioner alleges that the judgment was affirmed on appeal in July 2010, and Petitioner sought review by the state "Supreme Court," which was denied on January 3, 2011. (Pet. 2-3.)

Petitioner alleges that the grounds raised before the California Supreme Court were a request for a forty-five day extension to file a petition for review.  (Pet. 3.)  Petitioner alleges that his appellate attorney declined to file a petition for review, and Petitioner submits documentation, consisting of correspondence from his appellate counsel and the Clerk of the California Supreme Court, that establishes that counsel advised Petitioner by letter dated July 29, 2010, that the Court of Appeal (DCA) had upheld Petitioner's conviction and sentence but that a petition for review was not warranted.  (Pet. 11.) However, counsel enclosed with his letter a copy of the DCA's opinion, and counsel further instructed Petitioner that a petition for review must be filed between the thirty-first and fortieth day after the DCA's decision, but no later.  (Pet. 11-12.)  Petitioner was also instructed as to the necessity of exhausting state court remedies by filing a petition for review in the California Supreme Court in which all possible federal constitutional claims were raised.  (Id.)

3

1    Additional correspondence attached to the petition reflects
2 that the Clerk of the California Supreme Court wrote Petitioner
3 on January 4, 2011, informing Petitioner that his "document,"
4 received January 3, 2011, in People v. Chiprez, DCA case number
5 F058302, could not be considered by the court because the DCA
6 decision was filed on July 28, 2010, and thus the last day a
7 pleading from Petitioner could have been entertained was
8 September 27, 2010.  (Pet. 9.)  The document received from
9 Petitioner on January 3, 2011, was a request for a forty-five day
10 extension of time within which to file a petition for review due
11 to lack of access to the prison law library.  (Pet. 7.)  The
12 document was dated "8-13-10," (pet. 7), but it was received by
13 the Court on January 3, 2011 (id.).  Petitioner also submitted a
14 proof of service by mail indicating that he deposited the request
15 in the mail at KVSP on September 9, 2010.  (Pet. 8.)
16    Petitioner raises the following claim in the petition:
17 Petitioner's Fourteenth Amendment rights were violated by his
18 appellate counsel's declining to file a petition for review and
19 then by Petitioner's inability to file timely a petition for
20 review despite his having sought a forty-five-day extension of
21 time within the pertinent time period, due to a prison lockdown.
22 (Pet. 5.)  Petitioner admitted that he did not exhaust his state
23 remedies and that his failure was because of a prison lockdown,
24 absence of access to the law library and to a pager system for
25 access to a copy service, and "NO MOVEMENT, SAFETY AND SECURITY."
26 (Pet. 5.)  Petitioner asks this Court to remand the case to the
27 California Supreme Court for further proceedings.  (Pet. 22.)
28 ///

4

II.  <u>Failure to Exhaust State Court Remedies</u>

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies in this proceeding. <u>Lindh v. Murphy</u>, 521 U.S. 320, 327 (1997), <u>cert.</u> <u>denied</u>, 522 U.S. 1008 (1997); <u>Furman v. Wood</u>, 190 F.3d 1002, 1004 (9th Cir. 1999).

A petitioner who is in state custody and wishes to challenge collaterally a conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. <u>Coleman v. Thompson</u>, 501 U.S. 722, 731 (1991); <u>Rose v. Lundy</u>, 455 U.S. 509, 518 (1982); <u>Buffalo v. Sunn</u>, 854 F.2d 1158, 1162-63 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with the necessary jurisdiction a full and fair opportunity to consider each claim before presenting it to the federal court, and demonstrating that no state remedy remains available. <u>Picard v. Connor</u>, 404 U.S. 270, 275-76 (1971); <u>Johnson v. Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. <u>Duncan v. Henry</u>, 513 U.S. 364, 365 (1995) (legal basis); <u>Kenney v. Tamayo-Reyes</u>, 504 U.S. 1, 9-10 (1992), <u>superceded</u> <u>by</u> <u>statute</u> <u>as</u> <u>stated</u> <u>in</u> <u>Williams v. Taylor</u>, 529 U.S. 362 (2000) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (9th Cir. 2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275...(1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "'opportunity to pass upon and correct' alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366. The Ninth Circuit examined the rule further in Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001), stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court unless he specifically indicated to that court that those claims were based on federal law. See, Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7... (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds, see, e.g., Hiivala v. Wood, 195 F.3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon,

6

> 88 F.3d 828, 830-31 (9th Cir. 1996); Crotts, 73 F.3d at 865.
> ...
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-69 (9th Cir. 2000), as amended by Lyons v. Crawford, 247 F.3d 904, 904-05 (9th Cir. 2001).

In the petition before the Court, Petitioner admits that he failed to raise his claim concerning the alleged denial of due process based on the failure to grant him an extension of time to file a petition for review. Thus, Petitioner admits that he failed to exhaust state remedies as to the sole claim raised in this proceeding.

It is established that if the sole ground of the petition was not presented to the California Supreme Court, it is unexhausted, and the petition must be dismissed to provide Petitioner an opportunity to exhaust the claims. 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22; Raspberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001).

### III. Failure to State a Cognizable Claim concerning State Post-Conviction Proceedings

Even if Petitioner's claim were exhausted, Petitioner has failed to state a claim that is subject to redress in a proceeding pursuant to 28 U.S.C. § 2254.

A district court may entertain a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court only on the ground that the custody is in violation

7

of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2254(a), 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 n.7 (2000); Wilson v. Corcoran, 562 U.S. -, -, 131 S.Ct. 13, 16 (2010) (per curiam).

Federal habeas relief is not available to retry a state issue that does not rise to the level of a federal constitutional violation. Wilson v. Corcoran, 562 U.S. — , 131 S.Ct. 13, 16 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Alleged errors in the application of state law are not cognizable in federal habeas corpus. Souch v. Schiavo, 289 F.3d 616, 623 (9th Cir. 2002).

Thus, it is established that federal habeas relief is not available to redress procedural errors in the state collateral review process. Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998) (claim concerning the alleged bias of a judge in a second post-conviction proceeding for relief); Carriger v. Stewart, 95 F.3d 755, 763 (9th Cir. 1996), vacated on other grounds, Carriger v. Stewart, 132 F.3d 463 (1997) (Brady claim in post-conviction proceedings); Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989) (claim that a state court's delay in deciding a petition for post-conviction relief violated due process rights).

Here, Petitioner's claim concerns not his direct appeal to the intermediate state appellate court, but rather his attempt to seek further review by the state's highest court after his direct appeal had concluded. Petitioner's claim thus concerns post-conviction proceedings for relief outside of his direct appeal. Petitioner's claim is not cognizable in a proceeding pursuant to 28 U.S.C. § 2254.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Here, it is not logically possible for Petitioner to state a claim concerning the state post-conviction review process that would be cognizable in this proceeding.

Accordingly, it will be recommended that the petition be dismissed without leave to amend for failure to exhaust state court remedies and failure to state a claim cognizable in a proceeding pursuant to § 2254.

IV. Certificate of Appealability

Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from the final order in a habeas proceeding in which the detention complained of arises out of process issued by a state court. 28 U.S.C. § 2253(c)(1)(A); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). A certificate of appealability may issue only if the applicant makes a substantial showing of the denial of a constitutional right. § 2253(c)(2). Under this standard, a petitioner must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. at 336 (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)). A certificate should issue if the Petitioner shows that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that

9

jurists of reason would find it debatable whether the district court was correct in any procedural ruling. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000). In determining this issue, a court conducts an overview of the claims in the habeas petition, generally assesses their merits, and determines whether the resolution was debatable among jurists of reason or wrong. Id. It is necessary for an applicant to show more than an absence of frivolity or the existence of mere good faith; however, it is not necessary for an applicant to show that the appeal will succeed. Miller-El v. Cockrell, 537 U.S. at 338.

A district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Rule 11(a) of the Rules Governing Section 2254 Cases.

Here, it does not appear that reasonable jurists could debate whether the petition should have been resolved in a different manner. Petitioner has not made a substantial showing of the denial of a constitutional right. Accordingly, the Court should decline to issue a certificate of appealability.

V.   Recommendations

Accordingly, it is RECOMMENDED that:

1) The petition be DISMISSED without leave to amend for failure to exhaust state court remedies and failure to state a claim cognizable in a proceeding pursuant to 28 U.S.C. § 2254; and

2) The Court DECLINE to issue a certificate of appealability; and

3) The Clerk be DIRECTED to close the action because dismissal will terminate the proceeding in its entirety.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   March 4, 2011**                     /s/ Sheila K. Oberto
                                    UNITED STATES MAGISTRATE JUDGE